IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| RICHARD JONES, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

# COMPLAINT

Plaintiff, the United States of America, complains and alleges as follows:

1. This suit seeks to recover unpaid financial penalties, accrued interest, late payment penalties, and associated fees imposed upon Richard Jones. The penalties and related additions were imposed pursuant to 31 U.S.C. § 5321(a)(5) because Jones willfully failed to timely file accurate Forms FinCEN 114, Report of Foreign Bank and Financial Accounts ("FBAR"), for the years 2013, 2014, and 2015.

## Authorization for Suit, Jurisdiction, and Venue

2. The United States brings this suit to recover the penalty pursuant to 31 U.S.C. § 5321(b). Pursuant to 31 U.S.C. § 3711(g)(4)(C), this action was filed with the authorization of, and at the request of, the Secretary of the Treasury, acting through his delegate, the Associate Area Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of a delegate of the Attorney General of the United States.

3. This Court has subject-matter-jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Jones' last known address was 12021 Greenway Circle S., Unit 102, Royal Palm Beach, Florida, 33411, which is located within this District.

### Obligation to Report Interest in Foreign Accounts

5. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" that exceeds $10,000 in aggregate value to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

6. To fulfill this requirement, for the years in issue, a person must file a Form FinCEN 114, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a). (Before 2013, the reporting requirement was the same, but the required form was numbered TD F 90-22.1.) At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

7. Any person who fails to report his or her interest in any foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the willful failure to report the existence of a foreign account, the maximum

civil penalty that may be assessed is the greater of $100,000 or 50 percent of the balance in the foreign account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C)(i). The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## The Defendant

8. Mr. Jones is a United States citizen and was a U.S. citizen at all times relevant to this Complaint.

## Mr. Jones's Foreign Bank Account

9. In 2005, Mr. Jones formed a foreign trust under the laws of Nevis in the name of the World Marine Irrevocable Trust. In 2005, Mr. Jones set up a British Virgin Islands (BVI) corporation, Coupler & Shim Construction Ltd ("Coupler"), to hold a bank account.

10. Mr. Jones set up a second BVI corporation, Gunkhold Ltd, to hold ownership of Mr. Jones's sailboat.

11. Mr. Jones opened a bank account with Wegelin & Co. Private Bankers ("Wegelin"), located in the British Virgin Islands, under the name of Coupler. Mr. Jones is named as the beneficial owner of the Wegelin account.

12. Mr. Jones instructed Wegelin that "all correspondence and statements (originals) are to retained by the Bank on behalf of the Client." "The Client" refers to Mr. Jones and/or Coupler.

13. On May 19, 2005, Mr. Jones signed a "Declaration Regarding the Use of Fax to Transmit Orders" stating he intended to place orders by fax.

14. Mr. Jones signed a "Declaration for Mail Held by the Bank," instructing Wegelin "not to forward communications of the Bank to him/her (particularly letters, confirmation slips and statements of account and safekeeping account) by mail but to place said communications in a file made out to the Client's name for safekeeping therein."

15. On June 30, 2006, Mr. Jones filled out a credit card application for a Mastercard or Visa with Wegelin, which would link his Wegelin account to the credit card.

16. For 2009 through 2011, Mr. Jones, through Coupler, transferred funds via wire from his Wegelin account to accounts held at HSBC Bank Panama SA and Banco Universal SA Panama totaling approximately $584,666.

17. The funds referred to in paragraph 16 were transferred to accounts in the name of three Panamanian entities of which Mr. Jones is the beneficial owner: Importada Terramar RJ SA, Glass Properties Inc., and Bellflower Management SA. During the years at issue, the accounts were in the name of Importada Terramar RJ SA and Glass Properties Inc.

18. Mr. Jones continued as the beneficial owner of various accounts at Banco Universal SA Panama (which was acquired by Canal Bank SA) and HSBC Bank Panama SA during the 2013, 2014, and 2015 years and had signature authority over the accounts.

19. In 2013, Mr. Jones had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| Calendar Year 2013 | Account Number | Maximum Balance Date | Maximum Balance Amount | Currency |
|---|---|---|---|---|
| Glass Properties Inc. Banco Universal SA (Panama) / Canal Bank SA | #XXXXXXXXXXXX5161 | 04/26/2013 | $18,386.16 | USD |
| | #XXXXXXXXXXXX6693 | 09/28/2013 | $70,184.14 | USD |
| | #XXXXXXXXXXXX4094 | 09/20/2013 | $50,000.00 | USD |
| Importadora Terramar RJ SA Banco Universal SA (Panama) / Canal Bank SA | #XXXXXXXXXXXX2598 | 02/27/2013 | $15,000.00 | USD |
| Importadora Terramar RJ SA HSBC Bank Panama | #XXXXXX9535 | 03/26/2013 | $4,884.40 | USD |

20. In 2014, Mr. Jones had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| Calendar Year 2014 | Account Number | Maximum Balance Date | Maximum Balance Amount | Currency |
|---|---|---|---|---|
| Glass Properties Inc. Banco Universal SA (Panama) / Canal Bank SA | #XXXXXXXXXXXX5161 | 09/16/2014 | $104,438.00 | USD |
| | #XXXXXXXXXXXX6693 | 09/28/2014 | $80,945.43 | USD |
| | #XXXXXXXXXXXX4094 | 09/20/2014 | $50,000.00 | USD |
| Importadora Terramar RJ SA Banco Universal SA | #XXXXXXXXXXXX2598 | 01/14/2014 | $1,533.50 | USD |

| | | | | |
|---|---|---|---|---|
| (Panama) / Canal Bank SA | | | | |

21. In 2015, Mr. Jones had a financial interest in, or signature authority over, foreign bank accounts with the maximum balances listed in the table below:

| Calendar Year 2015 | Account Number | Maximum Balance Date | Maximum Balance Amount | Currency |
|---|---|---|---|---|
| Glass Properties Inc. | #XXXXXXXXXXXX5161 | 02/20/2015 | $17,915.95 | USD |
| Banco Universal SA | #XXXXXXXXXXXX6693 | 01/06/2015 | $63,660.42 | USD |
| (Panama) / Canal Bank SA | #XXXXXXXXXXXX4094 | 09/20/2015 | $50,000.00 | USD |

**Mr. Jones's Willful Failure to Report his Foreign Accounts at Bank Universal SA Panama and HSBC Bank Panama**

22. Because Mr. Jones had a financial interest in, beneficial interest in, control over, and signatory authority over foreign accounts held in a series of Panamanian banks in 2013, 2014, 2015, he was required to file an FBAR for those calendar years.

23. Mr. Jones failed to file federal income tax returns for the 2013, 2014, and 2015 tax years.

24. As such, Mr. Jones did not timely file an FBAR for the 2013, 2014, and 2015 calendar years. He did not otherwise timely disclose his interest in his foreign accounts to the Department of Treasury.

## COUNT 1
## Judgment for § 5321 Penalties

25. The United States incorporates the allegations of paragraphs 1-24 as if set forth here.

26. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of Section 5314, i.e., when a person fails to timely file an FBAR reporting that account despite having an obligation to do so.

27. Mr. Jones had an FBAR filing obligation for each of the 2013, 2014, and 2015 calendar years.

28. As shown in paragraphs 19 through 23, Mr. Jones failed to file an FBAR for his foreign bank accounts, despite his financial interest in these accounts during the 2013, 2014, and 2015 tax years. His failure to timely file an FBAR for those three years was willful.

29. Pursuant to 31 U.S.C. § 5321(a)(5), the Internal Revenue Service assessed civil penalties of $118,458.00 for the 2013, 2014, and 2015 calendar years against Mr. Jones for willfully failing to file FBARs. The assessed amount is 50% of the highest aggregate balance at the time of the violation with respect to the 2014 calendar year, apportioned over the three years.

30. On November 1, 2019 the Service gave Mr. Jones notice of the proposed FBAR assessments and gave him until May 15, 2019 to either appeal or agree to the proposed assessments.

31. On January 7, 2020, the proposed FBAR penalties were assessed and the Service demanded payment from Mr. Jones.

32. Mr. Jones has not remitted payment in full for the penalties, and interest and statutory additions that continue to accrue as provided by law.

33. As of November 12, 2021, Mr. Jones is liable to the United States for $128,869.32, which represents the FBAR penalties, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2). Interest and penalties continue to accrue as provided by law, and will continue to accrue until the liabilities are paid in full.

### RELIEF REQUESTED

34. For the foregoing reasons, the United States is entitled to the following relief:

   A. Judgment in favor the United States and against Richard Jones in the amount of $128,896.32 as of November 12, 2021, together with interest and failure to pay penalties that continue to accrue as provided by law.

   B. Its costs in this action; and

   C. Any other relief as the Court may deem appropriate.

Dated: December 9, 2021                     Respectfully submitted,

                                            DAVID A. HUBBERT
                                            Deputy Assistant Attorney General

                                            */s/ Elizabeth N. Duncan*
                                            ELIZABETH N. DUNCAN
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 14198
                                            Washington, D.C.  20044
                                            202-514-6546 (v)
                                            202-514-4963 (f)

Elizabeth.N.Duncan@usdoj.gov

Of Counsel:

JUAN A. GONZAELZ
United States Attorney
Southern District of Florida